1  LEO P. CUNNINGHAM, State Bar No. 121605
   lcunningham@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300
   Facsimile: (650) 565-5100
5
   Attorneys for Defendant
6  Toby G. Scammell
7
8
9             UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11
12 UNITED STATES OF AMERICA,   )   CASE NO.: 2:13-cr-0733
                               )
13          Plaintiff,         )   **DEFENDANT'S UNOPPOSED**
                               )   **REQUEST TO MODIFY**
14     v.                      )   **CONDITIONS OF**
                               )   **SUPERVISED RELEASE**
15 TOBY G. SCAMMELL,           )
                               )   **[NO HEARING REQUIRED]**
16          Defendant.         )
                               )
17                             )
                               )
18                             )
                               )
19
20
21
22
23
24
25
26
27
28

1    Defendant Toby G. Scammell, by and through his counsel, hereby requests
2  that his current conditions of supervised release and home detention be modified so
3  that he can work seventy-five hours per week.  That is an additional twenty-five
4  hours beyond the fifty hours he is currently allowed to be out of his residence for
5  work.  The additional hours are requested in order to allow Mr. Scammell to
6  adequately perform all that is required of him at his business.  The fifty-hour limit
7  on the time Mr. Scammell is allowed to work is neither statutory nor court-ordered;
8  it is a rule of the Probation Office for the Northern District of California from
9  which Probation is unable to depart without the Court's approval.  This request is
10 unopposed by both the United States Probation Officer currently supervising Mr.
11 Scammell and by the United States Attorney's Office for the Central District of
12 California.

13    The Court is authorized to grant the request by 18 U.S.C. § 3583(e)(2).  No
14 hearing is required where, as here, "the relief sought is favorable to the person and
15 does not extend the term of . . . supervised release."  Fed. R. Crim. P.
16 32.1(c)(2)(B).

### BASES FOR REQUEST

18    1.    On August 7, 2014, the Court sentenced Mr. Scammell to a three-
19 month term of imprisonment to be followed by a four-year term of supervised
20 release.  Dkt. No. 81.

21    2.    The Court further ordered Mr. Scammell to participate for six months
22 in a "home detention program which may include electronic monitoring, GPS,
23 Alcohol Monitoring Unit or automated identification system" and to "observe all
24 rules of such program, as directed by the Probation Officer."  Dkt. No. 81.

25    3.    Mr. Scammell successfully served his period of incarceration and was
26 released on December 18, 2014.  *See* Declaration of Toby G. Scammell
27 ("Scammell Decl.") at ¶ 1, filed concurrently herewith.

28

4. Mr. Scammell has fully complied with the conditions of his supervised release and home detention. On March 17, 2015, Probation Officer Alton Dural informed counsel for Mr. Scammell that Mr. Scammell has fully complied with the conditions of his supervised release, has followed all directives, and has been cooperative. *See* Declaration of Naira Der Kiureghian ("Der Kiureghian Decl.") at ¶ 2, filed concurrently herewith.

5. On March 30, 2015, Mr. Dural further advised counsel for Mr. Scammell that his office does not oppose this modification requested by Mr. Scammell. Der Kiureghian Decl. at ¶ 3.

6. Mr. Scammell is currently permitted by the Probation Office to leave his residence for fifty hours per week in order to attend to his business. Scammell Decl. at ¶¶ 3-4.

7. Mr. Scammell is limited in his ability to carry out all his business obligations within the fifty-hour limit. *Id.* ¶¶ 4-9. Increasing the hours that Mr. Scammell is permitted to leave his residence for work to seventy-five hours per week would enable Mr. Scammell to fully satisfy those obligations.

8. Assistant United States Attorney Stephen Cazares was informed of this request and the contents of this submission and he indicated his office had no opposition to the granting of the request.

## CONCLUSION

For the foregoing reasons, and based on the entire record in this case, it should be ordered that Mr. Scammell be allowed to work seventy-five hours per week outside his residence during the term of his home detention.

Dated: April 1, 2015

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Leo P. Cunningham
Leo P. Cunningham

Attorneys for Defendant
Toby G. Scammell